[Cite as *State v. Nastal*, 2022-Ohio-970.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

State of Ohio                                           Court of Appeals No.  WD-21-042

    Appellee                                          Trial Court No.  2019CR0491

v.

Lawrence Joshua Nastal                          **DECISION AND JUDGMENT**

    Appellant                                        Decided:  March 25, 2022

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Chief Assistant Prosecuting Attorney, for appellee

Michael H. Stahl, for appellant.

* * * * *

**OSOWIK, J.**

## I.  Introduction

**{¶ 1}** Appellant, Lawrence Nastal, challenges his conviction for vehicular assault,

following a jury trial in the Wood County Court of Common Pleas.  Appellant was

convicted on three counts of vehicular homicide in violation of R.C. 2903.06(A)(2)(a)

and (C), misdemeanors of the first degree, and two counts of vehicular assault in

violation of R.C. 2903.08(A)(2)(b) and (C)(2), felonies of the fourth degree. The trial court sentenced appellant to 180 days in the Wood County Justice Center as to each misdemeanor count, to be served concurrently, two years of community control as to the felony counts, and suspended appellant's driving privileges for three years. Finding no error, we affirm.

## II. Background and Procedural History

{¶ 2} On August 3, 2019, appellant was operating a southbound 18-wheeler, hauling a 70,000 pound load of automobile transmissions, when he failed to slow for traffic and struck vehicles that had slowed or stopped for a construction zone. The collision occurred on Interstate 280 between the Walbridge Road overpass and the turnpike ramp. At the time, appellant had his cruise control engaged, set at 60 miles per hour, and he maintained that speed until seconds before his truck left the roadway and overturned. In total, appellant struck three vehicles, resulting in secondary collisions, before his truck came to rest. The collision killed three people and caused serious injury to two others. Appellant was also transported from the scene for treatment of his own injuries.

{¶ 3} Appellant was initially charged in a ten-count indictment. In Counts 1, 2, and 3, he was charged with aggravated vehicular homicide in violation of R.C. 2903.06(A)(2)(b) and (B)(3), based on conduct within a construction zone, each a felony of the third degree. In Counts 4 and 5, appellant was charged with two counts of vehicular assault in violation of R.C. 2903.08(A)(2)(a) and (C)(2), based on conduct

2.

within a construction zone, each a felony of the fourth degree. In Counts 6, 7, and 8, he was charged with three counts of aggravated vehicular homicide in violation of R.C. 2903.06(A)(2)(a) and (B)(3), based on reckless conduct, each a felony of the third degree. Finally, in Counts 9 and 10, appellant was charged with two counts of vehicular assault in violation of R.C. 2903.08(A)(2)(b) and (C)(2), based on reckless conduct, each a felony of the fourth degree.

{¶ 4} The matter proceeded to a jury trial, and numerous witnesses testified regarding visible signage, warning of the construction zone, and slowing or stopped traffic in both lanes of travel, visible from a distance. There was also testimony that appellant's truck approached the slowed traffic at a high rate of speed.

{¶ 5} The investigation revealed no mechanical issues with appellant's truck. Based on the data from the truck's black box, a "hard brake" occurred at .01 of a mile from the crash. At 59 seconds before the crash, appellant was traveling at 58.5 miles per hour, with the cruise control engaged. At 19 seconds before the crash, appellant's speed was 60.5 miles per hour, still using cruise control. Appellant's application of the brake two and a half seconds before impact deactivated the cruise control.

{¶ 6} Appellant's wife testified on his behalf. She said the two spoke on the phone some time before the accident, but were not conversing at the time of the crash. She also testified that appellant is a careful driver.

{¶ 7} Appellant also took the stand. He testified that he had driven the same route earlier in the week, but it was not a regular route. He stated he did not perceive slow

3.

traffic or signage. He indicated he glanced back to check his trailer, and when he turned back he was close to impact. He veered to the right and attempted to stop.

{¶ 8} At the close of testimony, and prior to deliberations, the prosecution moved to dismiss Counts 1 through 5 for violations relative to a construction zone, and the trial court granted the motion. The trial court provided a jury instruction for aggravated vehicular assault in Counts 6, 7, and 8, but also instructed as to misdemeanor vehicular homicide as a lesser-included offense. The trial court indicated that the offense of vehicular homicide "is distinguished from aggravated vehicular homicide by the absence or failure to prove the element of recklessness." Appellant did not request, and the trial court did not provide, an instruction as to a lesser offense for the remaining vehicular assault counts.

{¶ 9} During deliberations, the jury sent out a question regarding the "hard brake" report, entered into evidence within the prosecution's exhibit 38. Specifically, the jury asked whether the countdown to zero, within the report, signified the time of collision with the first car. The trial court directed the jury to refer to "their notes and the admitted evidence and discuss to determine their interpretation" of the exhibit. There were no other jury questions, and significantly, no requests for clarification regarding what constituted "recklessness."

{¶ 10} On March 24, 2021, the jury found appellant guilty of the lesser offense of misdemeanor vehicular homicide in Counts 6, 7, and 8. The jury found appellant guilty of vehicular assault as charged in Counts 9 and 10.

4.

{¶ 11} On April 5, 2021, appellant filed a motion for acquittal with the trial court, arguing lack of evidence of reckless conduct to support the convictions for vehicular assault. Appellant noted the jury's apparent inconsistency in finding no reckless conduct as to Counts 6, 7, and 8, but finding the same conduct reckless as to Counts 9 and 10. The state opposed the motion, citing the law defining inconsistent verdicts as concerning only inconsistency within the same count. On May 6, 2021, the trial court denied the motion for acquittal.

{¶ 12} On May 24, 2021, the trial court held a sentencing hearing and imposed a jail term of 180 days as to each of the misdemeanor offenses, and ordered the terms to run concurrently. As to the felony offenses, the trial court imposed community control for two years and suspended appellant's driving privileges for three years, and reserved an 18-month prison term.

{¶ 13} Appellant filed a timely appeal of his conviction.

### III. Assignments of Error

{¶ 14} In pursuing his appeal, appellant challenges only his felony conviction in Counts 9 and 10, arguing his case is purely a negligence case. He asserts the following assignments of error:

1. As the Jury recognized and inquired about, this is a case of negligence, not recklessness, and as such the felony convictions for Vehicular Assault are not supported by sufficient evidence in violation of the U.S. and Ohio Constitutions.

2. The convictions for Vehicular Assault in counts 9 and 10 are against the manifest weight of the evidence.

3. Pursuant to *City of Toledo v. Golis,* 6th Dist. Lucas No. L-94-161, 1994 Ohio App. LEXIS 4876, at *4 (Oct.28, 1994), the trial court erred when it failed to respond to the Jury's question about convicting based upon criminal negligence on the Vehicular Assaults by not instructing the Jury on the lesser included offense of Negligent Assault.

## IV. Analysis

{¶ 15} At the heart of each assignment of error is appellant's belief that his conduct was merely negligent, negating the jury's findings related to vehicular assault. Appellant's first two assignments of error challenge the sufficiency and weight of the evidence to support the reckless element of the offense. His third assignment of error challenges the trial court's decision on jury instructions, arguing the trial court should have instructed on negligent assault as a lesser-included offense for vehicular assault. We shall address appellant's final assignment of error first.

### a. Negligent assault is not a lesser-included offense for vehicular assault.

{¶ 16} In his third assignment of error, appellant argues that the trial court erred in failing to instruct the jury on negligent assault as a lesser-included offense for vehicular assault in violation of R.C. 2903.08(A)(2)(b). In support, appellant argues that we have previously recognized criminally negligent assault as an alternative to more serious assault charges, and we have previously recognized a vehicle as a dangerous weapon.

6.

**{¶ 17}** Appellant did not request a lesser-included instruction for vehicular assault. As a result, we are limited to plain error review. *State v. Long,* 53 Ohio St.2d 91, 94-95, 372 N.E.2d 804 (1978), citing Crim.R. 30 and Crim.R. 52(B). Based on the plain error standard, we may not reverse absent a showing that the trial court erred, the error was plain and obvious, and the error affected the outcome of the trial. *State v. Mohamed,* 151 Ohio St.3d 320, 2017-Ohio-7468, 898 N.E.3d 935, ¶ 26, citing *State v. Barnes,* 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002). Applying this standard, we find no error, let alone plain error requiring reversal.

**{¶ 18}** Appellant was tried on two counts of vehicular assault in violation of R.C. 2903.08(A)(2)(b), which provides:

> No person, while operating or participating in the operation of a motor
> vehicle * * * shall cause serious physical harm to another person * * * in
> any of the following ways: * * * Recklessly.

After the jury found appellant guilty of only the lesser-included offense of vehicular homicide in Counts 6, 7, and 8, but guilty of vehicular assault in Counts 9 and 10, appellant moved for acquittal on the vehicular assault counts. Appellant argued that the jury's acquittal on the homicide charge, requiring proof of reckless conduct, but guilty verdict as to vehicular assault, requiring proof of reckless conduct, was inconsistent. Appellant speculated that the jury only convicted him of vehicular assault because it had no lesser, alternative choice to consider and argued that the "jury could not legally

7.

convict" as to vehicular assault while also rejecting aggravated vehicular homicide. The trial court rejected this argument and denied the motion for acquittal.

{¶ 19} Now, on appeal, appellant argues that the trial court should have *sua sponte* provided the lesser-included instruction for negligent assault as to the two vehicular assault charges. A person commits negligent assault if they "negligently, by means of a deadly weapon or dangerous ordnance as defined in section 2923.11 of the Revised Code, cause physical harm to another[.]" R.C. 2903.14(A). The additional element of "a deadly weapon or dangerous ordnance" prevents negligent assault from being considered a lesser-included offense for vehicular assault.

{¶ 20} We have previously determined that a vehicle could be a deadly weapon, "when used in a manner likely to produce death or great bodily harm." *State v. Belcher,* 6th Dist. Lucas No. L-13-1250, L-13-1252, 2014-Ohio-5596, ¶ 29, citing *State v. Gimenez,* 8th Dist. Cuyahoga No. 71190, 1997 WL 547950, *7 (Sept.4, 1997). In considering whether a vehicle could be a deadly weapon, "[t]he intent of the user, manner of use, and actions of the user are among the factors that must be examined." *Belcher* at ¶ 29, citing *Giminez* at *7; *see also State v. Bronikowski,* 6th Dist. Lucas No. L-78-073, 1979 WL 207000 (Feb. 9, 1979) (offender intentionally drove the vehicle toward an oncoming police cruiser in an attempt to cause physical harm); *State v. Stevens,* 6th Dist. Lucas No. L-10-1003, 2010-Ohio-4718, ¶ 25 (manner of use determinative of finding automobile is a deadly weapon). A careless or negligent use of a vehicle, however, does not equal use of the vehicle as a deadly weapon without evidence that the driver actually

8.

used or possessed the vehicle as a weapon as opposed to a conveyance. *See, e.g., State v. Haupricht,* 6th Dist. Fulton No. F-81-18, 1982 WL 6451, *4 (Jun. 11, 1982) ("Use or possession of the truck as a deadly weapon would necessarily involve knowledge on the part of appellant and would, therefore, preclude a finding as to negligent assault.") [1]

{¶ 21} Other courts have reached the same conclusion, noting the requirement of a deadly weapon to sustain a conviction for negligent assault in contrast to the reckless element needed for vehicular assault. Specifically, while "recklessly necessarily includes negligence" and "serious physical harm necessarily includes physical harm," negligent assault involves the use of a weapon or dangerous ordnance as defined by R.C. 2903.14, and vehicular assault is committed while operating a motor vehicle. *See State v. Williamson,* 4th Dist. Ross No. 99CA2473, 2000 WL 807281, *7 (Jun. 14, 2000). In considering negligent assault as a lesser-included offense, the Fourth District Court of Appeals reasoned:

> The term "deadly weapon" is defined in R.C. 2923.11 as "any instrument, device, or thing capable of inflicting death, and designed or specially adapted for use as a weapon, or possessed, carried, or used as a weapon." There is no question that an automobile is "capable of inflicting death." However, as appellee argues, an automobile is not "designed or specially adapted for use as a weapon." So, the

---

[1] In *State v. Haupricht,* the defense requested a negligent assault instruction as a lesser-included offense for felonious assault in violation of R.C. 2903.11(A) and assault in violation of R.C. 2903.13. The jury determined the truck was not possessed or used as a weapon, precluding consideration of negligent assault as a lesser-included offense.

9.

issue of whether or not an automobile constitutes a deadly weapon depends on how the automobile is used. In other words, in order for an automobile to be a deadly weapon, it must be specifically "possessed, carried, or used as a weapon." This necessarily requires an intent to use the automobile as a weapon. Since a person must intend to use an automobile as a weapon in order for it to be considered a deadly weapon, an automobile is not a deadly weapon for purposes of R.C. 2903.14, which merely requires negligent use of a deadly weapon or dangerous ordinance.

Under R.C. 2901.01(A)(3), the term "physical harm" encompasses "any injury, illness, or other physiological impairment, regardless of its gravity or duration." Thus, were we to adopt appellant's reading of R.C. 2903.14, even the most minor of traffic accidents could result in the responsible party being held criminally liable for negligent assault if anyone was even slightly injured in the accident. We recognize that such an extreme scenario is unlikely. Nevertheless, if an automobile were considered a deadly weapon for purposes of R.C. 2903.14, the state could seek criminal charges against any driver whose negligence contributed to a traffic accident resulting in personal injury. We seriously doubt that the General Assembly intended such a result.

*Williamson, supra,* citing *State v. Deem*, 40 Ohio St.3d 205, 533 N.E.2d 294 (1988).

{¶ 22} The Ninth District Court of Appeals also rejected negligent assault as a lesser included offense of aggravated vehicular assault, noting "[n]egligent assault adds

10.

an additional element to the assault crime – a deadly weapon or dangerous ordinance." *State v. Kelly*, 9th Dist. Summit No. 15250, 1992 WL 67587, *3 (Apr. 1, 1992); *see also State v. Warner*, 3d Dist. Marion No. 9-21-14, 2021-Ohio-4183, ¶ 74 (suggesting negligent assault not a lesser included offense for vehicular assault because of the additional element not included under vehicular assault).

{¶ 23} In this case, appellant cites to no evidence demonstrating he possessed or used his truck as a weapon, as opposed to using the truck as a vehicle. Additionally, we find the position that an individual could intend their vehicle to be a deadly weapon while also negligently using it as a deadly weapon is incongruous. Accordingly, based on the "deadly weapon" element, and the knowledge or purpose required to transform a vehicle into a "deadly weapon" as an element of negligent assault, we find that negligent assault is not a lesser included offense for vehicular assault. It follows that the trial court did not err in failing to instruct the jury regarding negligent assault, and appellant's claim of plain error within his third assignment of error is without merit.

{¶ 24} Having rejected appellant's position relative to negligent assault, we next address the sufficiency and weight of the evidence in support of his vehicular assault convictions.

b. **The evidence was sufficient to support recklessness as an element of the vehicular assault conviction.**

{¶ 25} In his first assignment of error, appellant argues that his conduct was merely negligent, and as a result, there was no evidence to satisfy the requirement of reckless conduct. In support, appellant refers to the apparently contrasting findings of the

11.

jury, determining appellant was not reckless as it pertained to the homicide charges, but reckless as it pertained to the vehicular assault charges. Appellant further argues there was no evidence demonstrating that he perceived any risk and then disregarded that risk, necessary evidence to support the element of recklessness.

{¶ 26} Our review of sufficiency of the evidence presents a question of law. *State v. Thompkins,* 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997). In reviewing the record, we view the evidence most favorably for the prosecution and consider whether "any rational trial of fact could have found the essential elements of the crime proven beyond a reasonable doubt." (Citations omitted) *State v. Smith,* 80 Ohio St.3d 89, 113, 684 N.E.2d 668 (1997).

{¶ 27} At issue, in this case, is evidence of recklessness. Pursuant to R.C. 2901.22(C):

> A person acts recklessly when, with heedless indifference to the consequences, the person disregards a substantial and unjustifiable risk that the person's conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, the person disregards a substantial and unjustifiable risk that such circumstances are likely to exist.

Appellant first argues that the opposite findings by the jury as to the homicide and assault charges resulted in an inconsistent verdict, and as a result, there was insufficient

12.

evidence of reckless conduct to support his conviction for vehicular assault. Appellant misapplies the law regarding inconsistent verdicts.

{¶ 28} In *State v. Lovejoy,* 79 Ohio St.3d 440, 446, 683 N.E.2d 1112 (1997), the Ohio Supreme Court distinguished between different findings as to multiple counts of an indictment and "inconsistent verdicts," finding "[t]he several counts of an indictment containing more than one count are not interdependent and an inconsistency in a verdict does not arise out of inconsistent responses to different counts, but only arises out of inconsistent responses to the same count. (Citations omitted.). It is a well-established rule that "consistency between verdicts on multiple counts of an indictment is unnecessary." *State v. Miller,* 6th Dist. Erie No. E-02-037, 2003-Ohio-6375, ¶ 8, citing *State v. Wilson*, 6th Dist. No. L-01-1196, 2002-Ohio-5920, ¶ 38; *United States v. Powell* (1984), 469 U.S. 57, 68, 105 S.Ct. 471, 83 L.Ed.2d 461 (1984) (additional citations omitted.). Even a verdict that acquits on a predicate offense while convicting on the compound offense "should not necessarily be interpreted as a windfall to the Government at the defendant's expense. It is equally possible that the jury, convinced of guilt, properly reached its conclusion on the compound offense, and then through mistake, compromise, or lenity, arrived at an inconsistent conclusion on the lesser offense." *Powell*, at the syllabus.

{¶ 29} The jury's different findings regarding recklessness, in this case, did not occur within a single verdict. Therefore, any inconsistency between verdicts on separate counts is not dispositive as to sufficiency of the evidence.

13.

{¶ 30} Appellant next argues that there was no evidence demonstrating he perceived any risk, and therefore, the jury could not have found him reckless to support a conviction for vehicular assault. To reach this conclusion, appellant interprets the statutory definition of "recklessly," pursuant to R.C. 2901.22(C), as implying "perception" as a necessary element of proof, based on the requirement that "the person disregards a substantial and unjustifiable risk[.]" In essence, appellant argues that he testified that he did not perceive a risk, and therefore, without some evidence demonstrating the contrary, he could not be found as having disregarded any risk. Appellant cites to no authority to support this argument.

{¶ 31} The evidence at trial demonstrated that other motorists noted the construction zone signage, as well as the stopped and slowing traffic in both lanes of travel. Appellant's contention that he did not note these conditions, moreover, does not negate other evidence of recklessness. *See, e.g., State v. Trent,* 10th Dist. Franklin No. 2017-Ohio-7133, ¶ 20 (driver found reckless despite testimony he was in "panic mode" and "just retreated into someplace," so was not aware of his speed, his shredded tire, or his failure to apply the brake until seconds before the collision that killed two and injured two). Recklessness is defined "with respect to circumstances," and the evidence of the circumstances in this case supported a finding of "a substantial and unjustifiable risk." *See* R.C. 2901.22(C). The evidence also supported a finding that appellant disregarded the risk, based on his continued use of cruise control to maintain his speed until seconds prior to the first collision with stopped and slowing traffic.

14.

**{¶ 32}** Considering the record, and construing it most favorably for the prosecution, there was sufficient evidence to support the jury's finding as to recklessness for purposes of the vehicular assault convictions. Appellant's first assignment of error, therefore, is not well-taken.

### c. The jury did not clearly lose its way in finding appellant acted recklessly to sustain the vehicular assault convictions.

**{¶ 33}** In his second assignment of error, appellant argues that the finding of recklessness was against the manifest weight of the evidence. "While sufficiency of the evidence examines whether the evidence is legally sufficient to support the verdict as a matter of law, the criminal manifest weight of the evidence standard addresses the evidence's effect of inducing belief." *State v. Dean,* 2018-Ohio-1740, 112 N.E.3d 32, ¶ 25 (6th Dist.), citing *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264, ¶ 25, citing *Thompkins* at 386, 678 N.E.2d 541. "A manifest weight challenge questions whether the state has met its burden of persuasion." *Toledo v. Ramos,* 6th Dist. Lucas No. L-12-1191, 2013-Ohio-4526, ¶ 19, citing *Thompkins* at 386.

**{¶ 34}** In considering the weight of the evidence, we sit as a thirteenth juror, and reverse only in those exceptional cases where we disagree with the jury's resolution of conflicting testimony. *Thompkins* at 387, citing *State v. Martin,* 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983). In making this determination, we review the record, weigh the evidence and all reasonable inferences, and consider the credibility of the witnesses in considering whether the jury erred in resolving conflicts in the evidence,

15.

resulting in such a manifest miscarriage of justice that reversal is required. *Thompkins* at 387, citing *Martin* at 175.

{¶ 35} Here, appellant does not argue the jury lost its way in resolving conflicting testimony. Instead, he argues the jury's conclusions on different counts are in conflict. As previously addressed, different findings as to multiple counts in an indictment do not equal an inconsistent verdict. *Lovejoy,* 79 Ohio St.3d at 446, 683 N.E.2d 1112; *Powell,* 469 U.S. 57, 106 S.Ct. 471, 83 L.Ed.2d 461, at the syllabus. Instead, we look to the evidence in support of the vehicular assault convictions, and more specifically, evidence of reckless conduct.

{¶ 36} With the exception of appellant's own testimony that he was not reckless, but merely negligent, there is no conflicting testimony regarding the events on the day of the crash. The evidence demonstrated slowing and stopped traffic, signage alerting drivers to a construction zone, and appellant's high rate of speed, inappropriate for the circumstances. Significantly, appellant kept his cruise control engaged, set at 60 miles per hour, up until seconds before he crashed into traffic. Appellant's claim that he did not perceive the circumstances, moreover, does not negate the evidence of recklessness. *See Trent,* 10th Dist. Franklin No. 16AP-707, 2017-Ohio-7133, at ¶ 29.

{¶ 37} It is clear that, while speed does not always equal recklessness, the evidence in this case demonstrated more than speed. Eyewitness testimony and data recovered from the vehicle confirmed that appellant drove his truck without regard for the circumstances. He entered a stretch of slowed and stopped traffic with a heavy load

16.

and with his cruise control engaged, and only attempted to slow in the seconds preceding the crash. Even if the jury believed appellant's claim that he never perceived the circumstances, the jury could have considered appellant's extreme inattention, while operating a truck with the mass and momentum of a 70,000 lb. load at a high rate of speed, as exhibiting "heedless indifference to the consequences" and disregarding "a substantial and unjustifiable risk," considering the circumstances.

{¶ 38} Accordingly, upon review of the entire record, this is not the exceptional case in which the jury clearly lost its way. We find the verdicts as to the two counts of vehicular assault were supported by the weight of the evidence, and appellant's second assignment of error is not well-taken.

## V. Conclusion

{¶ 39} Upon due consideration, we find substantial justice was done to the party complaining and we affirm the judgment of the Wood County Court of Common Pleas. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.                               _____
                                                                                JUDGE

Christine E. Mayle, J.

                                                                   _____
Myron C. Duhart, P.J.                                                  JUDGE
CONCUR.

                                                                   _____
                                                                                JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.